## HARRISON vs. DYKES.

Where the evidence on the main issue in a case was conflicting, and the presiding judge refused to set aside the verdict on the ground that it was contrary to law and evidence, this court will not interfere with his discretion in so doing.

February 8, 1887.

Evidence. New Trial. Before Judge FORT. Macon Superior Court. May Term, 1886.

Reported in the decision.

E. G. SIMMONS ; E. F. HINTON, for plaintiff in error.

FELTON & BAXTER, for defendant.

HALL, Justice.

None of the special grounds of this motion for new trial have been verified by the presiding judge, and the only question left for determination is, whether the verdict is to be set aside as contrary to law and evidence. The main

issue presented is, whether the defendant dealt with one Collier as plaintiff's agent, or as the owner of the property purchased, and whether there is evidence to sustain the verdict. If the plaintiff was the real owner of the lumber sold by Collier to the defendant (and there seems to be little dispute as to this fact), and the debt incurred belonged to the plaintiff, he had a right to recover the amount, unless by his conduct he held Collier out to the world as the owner, and authorized dealings with him in that character. This the plaintiff's evidence negatives, and there is nothing but circumstances of a somewhat inconclusive nature and tendency to contradict this testimony, except perhaps the testimony of Collier. Plaintiff swears that before any of the lumber was sold or delivered to the defendant, he notified him that it was his property. This notification, however, was denied by the defendant, and on that particular point there is a direct conflict of evidence. Plaintiff's evidence asserts that Collier was his agent to sell, but not to collect bills for the lumber which he sold. Collier, on the contrary, swears that he not only had the right to sell, but to collect those bills, and appropriate the money as he saw proper, provided he accounted for it in the final settlement with the plaintiff; and that under these circumstances he did appropriate the proceeds of this sale to the payment of his individual account with the defendant; and he insists he had a right so to do. It will be thus perceived that the evidence on this material question is directly conflicting. The jury could give credit to the witnesses in whom they confided, and the judge, who presided in the case, being satisfied with the result, we cannot say that he exercised his discretion improperly in refusing to interfere with the verdict.

Judgment affirmed.